UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

---

Bradley Sutton,
on behalf of himself and all
others similarly situated,

        Plaintiff,

-vs-

Crave Restaurant, LLC;

Crave Restaurant Holdings, LLC;

and,

ATM Network, Inc.

        Defendants.

---

## CLASS ACTION COMPLAINT
## JURY DEMANDED

---

### INTRODUCTION

1. This is a class action complaint arising out of violations by the Defendants of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1963-1693r, and Regulation E, 12 C.F.R. §§ 205.1-205.20. The Defendants charged the Plaintiff a transaction fee at an automated teller machine ("ATM") without having placed a notice of the fee in a prominent and conspicuous location on or at the ATM as required by law. Plaintiff seeks an order enjoining Defendants from continuing to violate the EFTA, actual and statutory damages, costs and attorney fees.

## JURISDICTION & VENUE

2. The EFTA and the regulation promulgated thereunder are federal laws and, therefore, jurisdiction is conferred by 28 U.S.C. § 1331. Venue is proper in this district under 28 U.S.C. §1391(b) because the Plaintiff lives, the Defendants do business, and the events giving rise to the claim occurred in this district.

## PARTIES

3. Plaintiff Bradley Sutton is a natural person residing in the City of Minneapolis, County of Hennepin, in the State of Minnesota.

4. Defendants Crave Restaurant, LLC, and Crave Restaurant Holdings, LLC, own and operate the Crave restaurant located at 1603 West End Blvd., St. Louis Park, Minnesota, that has an ATM machine inside the restaurant. Defendants are Minnesota limited liability companies whose registered office is 90 South 7th Street, Suite 3300, Minneapolis, Minnesota.

5. Defendant ATM Network, Inc., is a Minnesota corporation that sells, leases, installs, maintains and operates ATM machines. Its registered corporate address is 10749 Bren Rd. E., Minnetonka, Minnesota.

## FACTUAL ALLEGATIONS

6. The EFTA requires ATM operators to provide notice in a prominent and conspicuous location on or at the ATM of any fee that will be imposed on a consumer for the transaction.

7. ATM operators are prohibited by law from charging a fee unless they comply with the notice provisions of the EFTA.

8. Defendants are ATM operators under the EFTA and operated the ATM located inside the Crave restaurant at 1603 West End Blvd., St. Louis Park, Minnesota.

9. Plaintiff is a consumer under the EFTA.

10. On June 23, 2011, Plaintiff used the ATM located inside the Crave restaurant at 1603 West End Blvd., St. Louis Park, Minnesota.

11. The ATM charged the Plaintiff $2.50 for the transaction.

12. Notice of the ATM fee was not placed in a prominent and conspicuous location on or at the ATM as required by the EFTA.

13. Because notice of the ATM fee was not placed in a prominent and conspicuous location on or at the ATM, it was a violation of the EFTA to charge Plaintiff or any other person who used the ATM a fee.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action in his individual capacity and on behalf of all persons who used the ATM located inside the Crave restaurant at 1603 West End Blvd., St. Louis Park, Minnesota, and who were assessed a fee for the transaction without the fee notice being placed in a prominent and conspicuous location on or at the ATM as required by the EFTA.

15. The members of the Class are so numerous that joinder of all members is impracticable. The exact number of the class members is unknown at this time, but it is reasonably believed that there would at least be hundreds, if not thousands, of class members.

16. The questions of law and fact are common to every member of the Class. The questions include, but are not limited to:

    a.    Did the ATM located at 1603 West End Blvd., St. Louis Park, Minnesota, comply with the ATM fee notice requirements of the EFTA?

    b.    If not, was it a violation of the EFTA to impose a fee on the transaction under the EFTA?

    c.    If it was a violation, what actual damages should be awarded?

    d.    If it was a violation, what statutory damages should be awarded?

17. The claim of the Plaintiff is typical of the claims of the Class. Plaintiff used the same ATM and was illegally assessed the same transaction fee as every member of the Class.

18. Plaintiff will fairly and adequately protect the interest of the Class. Plaintiff has retained counsel who is competent to pursue this case and Plaintiff does not have any interests that are antagonistic to the interests of the Class.

19. Prosecuting separate actions could create a risk of establishing incompatible standards or, as a practical matter, be dispositive of the interests of other members that are not a party to the individual action because the violation of the EFTA is the same for the Plaintiff as it is for every other class member.

20. Defendants have acted or refused to act on grounds that are generally applicable to the Class (charging a ATM transaction fee despite not placing a notice that the fee will be imposed for the transaction in a prominent and conspicuous location at or around the ATM that Plaintiff and all the other class members used) so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

21. Questions of law and fact common to the members of the Class predominate over any questions that affect any individual class members. In fact, the questions and fact and law are the same for the Plaintiff and all class members.

22. A class action is a superior method of adjudicating this case because it is the most fair and efficient way of resolving this controversy. The illegal conduct is standardized; the class members do not have an interest in individually controlling the prosecution of the case; there is no other case that has been brought by class members; it is desirable to concentrate the litigation in this forum because the ATM and most, if not all, of the class members are located in it; and, litigating the merits of this case as a class action will take no more effort than litigating Plaintiff's individual claim.

23. If this matter is litigated as an individual action, the hundreds or thousands of class members who have illegally been charged a transaction fee by Defendants at the ATM will likely not receive any relief at all.

## COUNT I (Violation of the EFTA)

24. Plaintiff incorporates by reference all the preceding paragraphs herein.

25. Defendants are the operator of the ATM located at 1603 West End Blvd., St. Louis Park, Minnesota.

26. Defendants failed to comply with the notice requirements of the EFTA by not placing a notice of the transaction fee on or at the ATM in a prominent and conspicuous location.

27. Defendants violated the EFTA by charging a transaction fee without complying with the notice requirements of the EFTA.

28. Plaintiff used the ATM located at 1603 West End Blvd., St. Louis Park, Minnesota, on June 22, 2011, and was charged a fee of $2.50 for the transaction.

29. The fee charged to Plaintiff and all class members in violation of the EFTA entitles them to actual and statutory damages.

## TRIAL BY JURY

30. Plaintiff is entitled and hereby requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asks this Court to certify the action as a class action, with Plaintiff and his counsel to represent the Class and to award:

1. An order enjoining Defendants from continuing to violate the EFTA;

2. Actual and statutory damages;

3. Attorneys' fees and costs; and,

4. Such other relief as this Court deems proper.

CHAMPION LAW LLC

Nathan H. Bjerke (026670X)
Robert Roe (270246)
Curtis P. Zaun (266310)
3252 Rice Street
St. Paul, Minnesota 55126
(651) 766-5886

Dated: 7/1/11

**ATTORNEYS FOR PLAINTIFF**